IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-45-D
No. 4:14-CV-108-D

| | |
|---|---|
| JAMES CALVIN EBRON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

On June 20, 2014, James Calvin Ebron ("Ebron") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 288-month sentence [D.E. 53, 57]. On July 25, 2014, the United States ("government") moved to dismiss Ebron's section 2255 motion [D.E. 58]. The court notified Ebron about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 60]. On August 13, 2014, Ebron filed a motion for discovery, to expand the record, and for an extension of time to respond to the motion to dismiss [D.E. 61]. On August 14, 2014, the court granted an extension of time to respond until September 13, 2014 [D.E. 62]. Ebron then failed to respond despite the extension. As explained below, the court grants the government's motion to dismiss, dismisses Ebron's section 2255 motion, and denies Ebron's motion for discovery and to expand the record.

I.

On May 4, 2011, a federal grand jury in the Eastern District of North Carolina charged Ebron with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, a quantity of marijuana, and a quantity of ecstacy, in violation of 21 U.S.C. § 846 (count one),

distribution of a quantity of heroin and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count two), and seven counts of distribution of a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (counts three through nine). See Indictment [D.E. 1]. On January 25, 2012, Ebron pleaded guilty, pursuant to a written plea agreement [D.E. 26], to count one. See [D.E. 46].

On July 25, 2012, the court sentenced Ebron to 288 months' imprisonment and 10 years of supervised release. See [D.E. 39, 40, 48]. The sentence was within the advisory guideline range calculated at sentencing. See Sentencing Tr. [D.E. 48] 7. Ebron appealed. See [D.E. 42]. On March 20, 2013, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Ebron's plea agreement, dismissed Ebron's attack on his sentence, and affirmed Ebron's conviction. See United States v. Ebron, 514 F. App'x 358, 359 (4th Cir. 2013) (per curiam) (unpublished); Plea Agreement [D.E. 26] ¶ 2.c. On October 7, 2013, the Supreme Court denied Ebron's petition for a writ of certiorari. See Ebron v. United States, 134 S. Ct. 200 (2013).

On June 20, 2014, Ebron filed his section 2255 motion [D.E. 53] and asserts ten claims: (1) the court erred in calculating his criminal history score in violation of Descamps v. United States, 133 S. Ct. 2276 (2013); (2) the court's calculation of his criminal history score violated United States v. Davis, 528 F. App'x 283 (4th Cir. 2013) (per curiam) (unpublished), and Miller v. United States, 735 F.3d 141 (4th Cir. 2013); (3) his sentence violated Alleyene v. United States, 133 S. Ct. 2151 (2013); (4) prosecutorial misconduct based on unidentified discovery abuses; (5) his sentence violated Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014); (6) the court lacked subject-matter jurisdiction over his criminal case due to the Commerce Clause; (7) ineffective assistance of counsel based on counsel's failure to investigate and to advise Ebron about pleading guilty; (8) ineffective assistance of counsel based on counsel's failure to advise Ebron about the Federal Rules, the Due Process Clause, and the Sixth Amendment; (9) ineffective assistance of counsel based on the brevity

2

of contacts with Ebron and counsel's failure to discuss with him the likelihood of success at trial; and (10) prosecutorial misconduct based on the failure to disclose unidentified Brady information. See [D.E. 57-1].

In analyzing a motion to dismiss under Rule 12(b)(6), a court need not accept a complaint's legal conclusions drawn from the alleged facts. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993).

The appellate waiver in Ebron's plea agreement bars Ebron's claim under Descamps (claim one), Davis and Miller (claim two), Alleyene (claim three), and Whiteside (claim five). In his plea agreement, Ebron agreed

> to waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Ebron] at the time of [his] guilty plea.

Plea Agreement ¶ 2(c). An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is

3

within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2013) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013). At his arraignment, Ebron affirmed that he had read and discussed his plea agreement with his lawyer and, after hearing the court read his appellate waiver aloud, affirmed that he understood the rights he was giving up in the waiver. See Arraignment Tr. [D.E. 46] 3, 13, 17, 24–25. Thus, Ebron's waiver was valid. See Ebron, 514 F. App'x at 359 (dismissing Ebron's direct appeal concerning his sentence after concluding that Ebron "knowingly and voluntarily waived his right to appeal"). Moreover, Ebron reserved only the right to file a section 2255 motion "based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." Plea Agreement ¶ 2(c). Ebron's first, second, third, and fifth claims for relief do not involve ineffective assistance of counsel or prosecutorial misconduct. Rather, they concern the court's calculation of Ebron's advisory guideline range and fall within the scope of his appellate waiver. See Copeland, 707 F.3d at 529–30. Accordingly, just as the Fourth Circuit did when it dismissed Ebron's direct appeal attacking his sentence, the court enforces Ebron's waiver and dismisses his first, second, third, and fifth claims.

Alternatively, Descamps, Alleyne, and Davis announced purely procedural rules that do not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing framework used to analyze retroactivity on collateral review); Wilson v. Warden,

4

FCC Coleman, No. 13-11560, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014) (per curiam) (unpublished) (holding that Descamps is not retroactively applicable to cases on collateral review); Baker v. Chapa, No. 14-50243, 2014 WL 4100712, at *1 (5th Cir. Aug. 21, 2014) (per curiam) (unpublished) (same); United States v. Montes, No. 14-2015, 2014 WL 3032185, at *1 (10th Cir. July 7, 2014) (unpublished) (same); Whittaker v. Chandler, No. 13-11280, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (per curiam) (unpublished) (same); Glover v. Fox, 550 F. App'x 592, 593–96 (10th Cir. 2013) (unpublished) (same); United States v. Mitchell, Nos. 3:03cr57/LC/CJK, 3:14cv313/LC/CJK, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (unpublished) (collecting cases holding that Descamps is not retroactively applicable to cases on collateral review); see also United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished) (noting that Alleyne is not retroactively applicable to cases on collateral review); In re Mazzio, 756 F.3d 487, 488 (6th Cir. 2014) (same); United States v. Winkleman, 746 F.3d 134, 136 (3d Cir. 2014) (same); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (same); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam) (same); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam) (same); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam) (same); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (same).

Alternatively, even if Descamps, Alleyne, Davis, and Miller applied retroactively to Ebron, he would get no relief. In Descamps, the Supreme Court held that courts may not apply the modified categorical approach under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), when the defendant's underlying crime of conviction has a single indivisible set of elements. See Descamps, 133 S. Ct. at 2283–93. The court did not apply the ACCA to Ebron. See Presentence Investigation Report ("PSR") [D.E. 38] ¶¶ 14–43, 62–73; Sentencing Tr. 4–7, 11–16. Thus, Descamps does not help Ebron.

5

As for Alleyne, in that case the Supreme Court held that any fact supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant or found by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2155. The charge in count one of Ebron's indictment complied with Alleyne. See Indictment (count one). Moreover, Ebron knowingly and voluntarily waived his right to a jury determination of the facts concerning the drug weight in count one by pleading guilty, and his guilty plea satisfied the government's burden of proof. Arraignment Tr. 3–16, 18–20, 21–30; see, e.g., United States v. Booker, 543 U.S. 220, 244 (2005); United States v. Hood, 545 F. App'x 557, 560 (7th Cir. 2013) (per curiam) (unpublished). Furthermore, Alleyne has no impact on a court's ability to apply the advisory sentencing guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, 572 F. App'x 167, 179–80 & n.4 (4th Cir. 2014) (per curiam) (unpublished) (collecting cases); United States v. Ramirez-Negron, 751 F.3d 42, 48–49 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013). Accordingly, Alleyne does not help Ebron.

As for Davis, in that case the Fourth Circuit analyzed a case under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and held that the defendant had committed the predicate ACCA felonies "on occasions different from one another." Davis, 528 F. App'x at 284. Here, the court did not apply the ACCA to Ebron. Thus, Davis does not help Ebron.

As for Miller, in that case the Fourth Circuit held that United States v. Simmons, 649 F.3d 237, 244–50 (4th Cir. 2011) (en banc), applies retroactively to cases on collateral review. See Miller, 735 F. 3d at 144–47. Nonetheless, Simmons does not alter Ebron's predicate felony

6

convictions underlying his designation as a career offender. See PSR ¶¶ 26, 27, 28, 43. Thus, Miller and Simmons do not help Ebron.

As for Whiteside, on July 10, 2014, the Fourth Circuit granted rehearing en banc in Whiteside. See Whiteside v. United States, No. 13-7152, 2014 WL 3377981, at *1 (4th Cir. July 10, 2014). Accordingly, the panel opinion in Whiteside has been vacated. See 4th Cir. R. 35(c); Richmond Med. Ctr. for Women v. Herring, 570 F.3d 165, 168 (4th Cir. 2009) (en banc). Furthermore, even if Whiteside had not been vacated, and even if it survives en banc review, it would not help Ebron. In Whiteside, the panel majority permitted the claimant to file a petition under 28 U.S.C. § 2255 more than one year after his conviction became final in order to rely on Simmons to attack his designation as a career offender at sentencing. See Whiteside, 748 F.3d at 548. This court, however, properly designated Ebron as a career offender at sentencing whether Simmons applies or not. See PSR ¶¶ 26, 27, 28, 43. Thus, even if Whiteside survives en banc review, Ebron's predicate felony convictions underlying his designation as a career offender remain valid. Accordingly, Whiteside does not help Ebron.

Alternatively, Ebron's challenges to the court's calculation of his advisory guideline range in claims one, two, three, and five are not cognizable under section 2255. Simply put, the alleged errors cannot surmount section 2255's procedural bar where (as here) Ebron received a sentence that did not exceed the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999).

Next, the court addresses Ebron's ineffective assistance of counsel claims. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted);

7

see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

8

Ebron claims that his attorney provided ineffective assistance by failing to investigate Ebron's case and to advise Ebron about pleading guilty. During Ebron's arraignment, however, the court advised Ebron of, and Ebron affirmed that he understood, the charges against him, the maximum potential penalties associated with those charges, and the consequences of pleading guilty. Arraignment Tr. 6–19, 21–28. Likewise, during Ebron's arraignment, the court advised Ebron of, and Ebron affirmed that he understood, that the court would determine the appropriate sentence in his case, and that no estimate or promise that Ebron's attorney made about the advisory guideline range or the sentence would be binding on the court. Id. Ebron also affirmed that he understood his rights under the Constitution and laws of the United States, that he had consulted with his lawyer about his plea, that he was satisfied with his lawyer's services, and that he would be waiving numerous trial rights by pleading guilty. Id. The court is entitled to rely on the sworn statements that Ebron made at his arraignment. See Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Thus, the court cured any potential prejudice at Ebron's arraignment. See, e.g., United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam). Accordingly, Ebron's seventh claim fails.

Ebron also contends that his trial counsel provided ineffective assistance by failing to advise Ebron about the Federal Rules, the Due Process Clause, and the Sixth Amendment. Again, however, the court is entitled to rely on Ebron's sworn statements at his arraignment. See Blackledge, 431 U.S. at 73–74; Lemaster, 403 F.3d at 221–22. Thus, even if Ebron's counsel failed to advise him concerning the Federal Rules, the Due Process Clause, and the Sixth Amendment before his guilty plea, the court cured any potential prejudice at Ebron's arraignment by advising him of all his relevant rights under the Federal Rules of Criminal Procedure and the Constitution. See

9

Arraignment Tr. 6–28. Accordingly, Ebron's eighth claim fails.

Ebron also claims that his trial counsel provided ineffective assistance due to the brevity of contacts with Ebron and counsel's failure to discuss with Ebron his likelihood of success at trial. Ebron, however, has not plausibly identified any aspect of his counsel's performance that could be considered objectively unreasonable. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 123–28 (2009); Strickland, 466 U.S. at 687–90. Likewise, he has not plausibly alleged prejudice. See, e.g., Wright v. Van Patten, 552 U.S. 120, 124–25 (2008) (per curiam); Hill, 474 U.S. at 59–60; Strickland, 466 U.S. at 699–700; United States v. Cronic, 466 U.S. 648, 658–67 (1984); Foster, 68 F.3d at 87–88; Craig, 985 F.2d at 179–80. Thus, Ebron's ninth claim, and his final claim of ineffective assistance of counsel, fails.

Next, Ebron claims in count four that the government engaged in prosecutorial misconduct based on unidentified discovery abuses. In support, Ebron cites United States v. Bartko, 728 F.3d 327 (4th Cir. 2013). Ebron also makes vague allegations of prosecutorial misconduct in count ten concerning undisclosed Brady materials. Such vague, unidentified allegations of discovery abuse are not plausible and fail to state a claim upon which relief can be granted. See, e.g., Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. Caro, 597 F.3d 608, 619 (4th Cir. 2010). Thus, these claims fail.

Next, Ebron contends in count six that this court lacked subject-matter jurisdiction over his criminal case due to the Commerce Clause. This claim fails. See, e.g., United States v. Tejeda, 462 F. App'x 327, 328 (4th Cir. 2012) (per curiam) (unpublished); United States v. Leshuk, 65 F.3d 1105, 1111–12 (4th Cir. 1995).

10

Finally, Ebron seeks discovery and to expand the record [D.E. 61]. A habeas petitioner "is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Moreover, Ebron failed to comply with Rule 6 of the Rules Governing § 2255 Cases or to demonstrate "good cause" for discovery. See, e.g., Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009). Accordingly, Ebron's motion for discovery and to expand the record is denied.

After reviewing the claims presented in Ebron's motion, the court determines that reasonable jurists would not find the court's treatment of any of Ebron's claims debatable or wrong, and that none of his claims deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 58], DISMISSES Ebron's section 2255 motion [D.E. 53, 57], DENIES Ebron's motion for discovery and motion to expand the record [D.E. 61], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 3 day of December 2014.

JAMES C. DEVER III
Chief United States District Judge

11

Case 4:11-cr-00045-D   Document 64   Filed 12/03/14   Page 11 of 11